IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BASILE DASKALAKIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-620-W |
| | ) | |
| LORI JORDAN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, who is a state detainee appearing pro se,[1] has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. This matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition has been promptly examined and for the reasons set forth below, it is recommended that the petition be summarily dismissed upon filing on the basis of *Younger v. Harris*, 401 U.S. 37, 44-45 (1971).

Petitioner alleges in Ground One that his right to a speedy trial has been violated. In Ground Two he alleges intentional infliction of emotional distress caused by

---

1 Petitioner does not identify his precise status; he appears to stand convicted of two state misdemeanors, but gives his address as the Oklahoma Forensic Center (OFC). He also does not identify "Lori Jordan," or explain why she would be the custodian/respondent. Finally, mail recently sent by this Court to the OFC has been returned as undeliverable. A check of the electronic docket sheet for the cases that Petitioner references shows that he has been returned to Garfield County pending a competency hearing. Case Nos. CM-2004-1025 and CM-2010-243, District Court for Garfield County.

denial of access to the Greek Consulate. Finally, in Ground Three he alleges self-incrimination due to lack of competent counsel.

## SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief. . . ." A Federal court should abstain from the exercise of its jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in state court or by other state procedures available to the petitioner. *Younger v. Harris*, 401 U.S. 37 (1971); *Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Moreover, it is proper for the Court to address *Younger* abstention *sua sponte. Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996). ("We are convinced that we have properly raised the abstention issue sua sponte."); *Kingston v. Utah County*, No. 97-4000, 1998 WL 614462, at *2 (10th Cir. Sept. 8, 1998) ("[C]ourts may address application of the *Younger* doctrine sua sponte"); *see also Bellotti v. Baird*, 428 U.S. 132, 143 n. 10 (1976) ("[I]t would appear that abstention may be raised by the court [s]ua sponte").

## ANALYSIS

Federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the Petitioner. *Capps v. Sullivan*, 13 F.3d 350,

354 n. 2 (10th Cir. 1993); *see also Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems. *Younger*, 401 U.S. at 44-45. The *Younger* doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003).

An exception to this mandatory rule of abstention, exists only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *accord Younger*, 401 U.S. at 54 (creating exception upon "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief"); *see also Seneca-Cayuga Tribe of Okla. v. State of Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989) (noting that abstention under *Younger* is mandatory if the above three conditions are met, absent extraordinary circumstances). According to *Younger*, the irreparable injury necessary to overcome the presumption of abstention must be "both

3

great and immediate." *Younger*, 401 U.S. at 45 (quotation omitted). Further, although *Younger* involved an injunctive proceeding, Younger abstention principles are applicable to a habeas action seeking to stop a state prosecution. See *Dolack v. Allenbrand*, 548 F.2d 891, 893 (10th Cir. 1977). A dismissal based upon *Younger* abstention is jurisdictional, *D.L. v. Unified Sch. Dist. No.* 497, 392 F.3d 1223, 1228-29 (10th Cir. 2004), and thus should be made without prejudice. *Wideman v. Colorado*, Nos. 07-1152, 07-1154, 242 Fed. Appx. 611, 615 (10th Cir. Oct. 1, 2007).

Here, all three conditions for *Younger* abstention are met. First, there are two ongoing state criminal proceedings in the District Court of Garfield County in Case Nos. CM-2004-1025 and CM-2010-243. Indeed, the docket sheets for these actions indicate that a determination of competency is currently underway, and that the competency hearing is set for July 24, 2013. Furthermore, there is no question that the prosecution of those accused of violating state law implicates an important state interest. *See, e.g., Hicks v. Miranda*, 422 U.S. 332, 349 (1975) (invoking *Younger* abstention in a case involving a pending state criminal prosecution, noting that the doctrine was "designed to permit state courts to try state cases free from interference by federal courts . . . ." (quotation and citation omitted)). Finally, the Oklahoma courts provide Petitioner with an adequate opportunity to present his federal constitutional claims. Thus far, it appears that the Oklahoma state courts have provided Petitioner with adequate opportunity to address his federal constitutional claims. Moreover, after Petitioner's state criminal proceedings are concluded, he will have the opportunity to appeal or

4

collaterally attack his conviction and can in that context raise his federal constitutional claims. "[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 1528 (1987). Thus, state court proceedings will provide ample opportunity for Petitioner to present his federal constitutional claims, and he has made no specific showing to the contrary.

Given that the *Younger* abstention conditions are all satisfied, the Court should abstain from hearing Petitioner's claims unless he can establish that an exception to *Younger* abstention applies. Petitioner has not alleged or demonstrated any facts indicating that this is one of the rare cases of "proven harassment" or that his prosecution has been "undertaken by state officials in bad faith without hope of obtaining a valid conviction," or that this is an "extraordinary circumstance[] where irreparable injury can be shown." *Perez*, 401 U.S. at 85.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that this action be dismissed without prejudice upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **July 18, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United*

5

*States*, 950 F.2d 656 (10th Cir. 1991). **This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to send a copy of this Report and Recommendation to the Garfield County District Attorney on behalf of the Respondent**.

ENTERED on June 28, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE